**FILED**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

1
2
3

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| MERLIN GROVER HINRICHS, | ) No. 4-04-02131-SV-JMM |
| | ) |
| _____Debtor._____ | ) Adversary No. 4-04-ap-00077 |
| ROBERT HOOKER, ESQ., dba LAW | ) |
| OFFICE OF ROBERT HOOKER, | ) **MEMORANDUM DECISION DENYING** |
| | ) |
| Plaintiff | ) **MOTION FOR RELIEF FROM** |
| vs. | ) |
| | ) **JUDGMENT** (Opinion to be Posted) |
| MERLIN GROVER HINRICHS, | ) |
| | ) |
| _____Defendant._____ | ) |

This court entered judgment on April 21, 2005. On May 5, 2005, the Plaintiff filed a "Motion for Reconsideration."

The Federal Rules of Bankruptcy Procedure do not provide for motions for reconsideration. "Where the time for appeal has expired, a motion for reconsideration should be construed as a motion for relief from judgment under FED. R. CIV. P. 60(b)"[1] *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996) (Table). In this case, the ten-day period for filing of a notice of appeal under FED. R. BANK. P. 8002(a) expired before Debtor filed the Motion. Therefore, I will construe the Motion as one for relief from judgment pursuant to FED. R. CIV. P. 60(b). For the reasons set forth below, the motion will be denied.

Fed R. Civ. P. 60(b) states, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

---

[1] FED. R. CIV. P. 60(b) is made applicable to bankruptcy by FED. R. BANK. P. 9024.

h:\wp\orders\hinrichs

| 1 | under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. |

Debtor has not established grounds for relief under FED. R. CIV. P. 60(b).[2]

> Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir.1991). Such motions may not be used as a substitute for a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 967 F.2d 1199, 1203-04 (5th Cir. 1993).

*Negrete*, 183 B.R. at 197. The Motion simply raises the same factual and legal issues that were or should have been presented to and considered by the court in connection with the trial on the complaint. To the extent Debtor believes that the court erred in granting the Judgment, his remedy was to timely appeal.

IT IS HEREBY ORDERED that the Motion be DENIED.

DATED: May 27, 2005.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

---

[2] Nor can this Motion be construed as a motion for new trial or for alteration of amendment of the judgment, because it was not brought within ten days after judgment was entered. *See* FED. R. BANKR. P. 9023, which incorporates FED. R. CIV. P. 59(b).

COPIES served as indicated below this 27th
day of May, 2005, upon:

Merlin Grover Hinrichs
769 East Country Club Drive
Benson, AZ 85602
U.S. Mail

Eric Slocum Sparks
Law Office of Eric Slocum Sparks, P.C.
110 South Church Ave., #2270
Tucson, AZ 85701-3031
Attorneys for Plaintiff
Email eric@ericslocumsparkspc.com

Stanley J. Kartchner
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704
Chapter 7 Trustee
Email statebar@kartchner.bz

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ  85003-1706
U.S. Mail


By _M.B Thompson_
    Judicial Assistant